IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| PATRICIA L. PHILLIPS, | ) | CIVIL NO. 11-00248 LEK-RLP |
| Plaintiff, | ) | |
| vs. | ) | |
| HONOLULU POLICE DEPARTMENT, ET AL., | ) | |
| Defendant. | ) | |

**ORDER GRANTING DEFENDANT HONOLULU POLICE DEPARTMENT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT FILED MARCH 23, 2011, PURSUANT TO FRCP, RULE 12(b)(6)**

Before the Court is Defendant Honolulu Police Department's ("HPD") Motion to Dismiss First Amended Complaint Filed March 23, 2011, Pursuant to FRCP, Rule 12(b)(6) ("Motion"), filed on April 13, 2011. Plaintiff Patricia L. Phillips ("Plaintiff") did not file a memorandum in opposition to the Motion. On June 15, 2011, the Court issued an order vacating the hearing on the Motion, granting the Motion, and informing the parties that it would thereafter issue a written order ("Order Vacating Hearing"). [Dkt. no. 14.] After careful consideration of the Motion and the relevant legal authority, HPD's Motion is HEREBY GRANTED for the reasons set forth below.

**BACKGROUND**

I.  **Factual History**

On or about October 20, 2008, Plaintiff was allegedly

"assaulted and battered by police officer Sheri K. Nakasone and other police officers employed by Defendant HPD in and just outside of her place of residence." [First Amended Complaint[1] at ¶ 4.] During the course of this alleged assault and battery, "Plaintiff was arrested and handcuffed by [the police] while wearing only a green towel, which towel fell off of the Plaintiff by the conduct of the police unnecessarily revealing her private parts to the male and female officers and other members of the public." [Id. at ¶ 6.]

Prior to the arrest, Officer Nakasone allegedly informed Plaintiff that she would not be arrested if she: (1) allowed Officer Nakasone to enter the bathroom where she was located; (2) wrote a statement for the police; and (3) agreed to appear at the District Court of the First Circuit, State of Hawai`i, the following morning on a charge of "Abuse of Household Member, a criminal violation of Section 709-906 of the Hawaii Revised Statutes." [Id. at ¶ 7 (emphasis omitted).] Plaintiff claims that, after agreeing to these conditions and allowing Officer Nakasone into the bathroom, "other male police officers rushed in and then assaulted and battered the Plaintiff while laughing at her." [Id.]

Plaintiff alleges that, before they removed her from

---

[1] The First Amended Complaint is attached to Defendants' Notice of Removal of Civil Action Under 28 U.S.C. 1441(c) as Exhibit B to the Declaration of Counsel. [Dkt. no. 1-3.]

her residence, police officers denied her request to put on clothing.  [Id. at ¶ 8.]  As a result, according to Plaintiff, she was "paraded in front of the police officers and public wearing only a loose-fitting towel which the police allowed or caused to fall off of the Plaintiff."  [Id.]  Plaintiff alleges that Officer Nakasone "made an incomplete if not false police report" by omitting the names of the other police officers that participated in the arrest and by falsely stating that Plaintiff refused to put on clothes.  [Id. at ¶ 10.]

## II. Procedural History

On October 19, 2010, Plaintiff filed a complaint in the Circuit Court of the First Circuit, State of Hawai`i.  On March 23, 2011, Plaintiff filed her First Amended Complaint in the same court.  The First Amended Complaint alleges seven causes of action: (1) Assault and Battery (Count I); (2) False Imprisonment and False Arrest (Count II); (3) Defamation (Count III); (4) Negligence (Count IV); (5) Violation of the Right to Privacy (Count V); (6) Violation of 42 U.S.C. § 1983 (Count VI); and (7) Punitive Damages (Count VII).

HPD filed its Notice of Removal of Civil Action Under 28 U.S.C. 1441(c) on April 13, 2011.  HPD also filed its Motion on April 13, 2011 seeking dismissal of all counts in the First Amended Complaint.

On June 7, 2011, the Court issued its Inclination

Regarding Plaintiff's Response to Defendant's Motion to Dismiss First Amended Complaint Filed March 23, 2011, Pursuant to FRCP Rule 12(b)(6), informing the parties that Plaintiff had failed to file a memorandum in opposition to the Motion pursuant to Local Rule 7.4 and that the Court was inclined to grant the Motion as unopposed. [Dkt. no. 12.]

On June 15, 2011, the Court issued its Order Vacating Hearing in which it vacated the hearing on the Motion and granted the Motion.

## **STANDARD**

Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss a claim for "failure to state a claim upon which relief can be granted[.]"

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007)); see also Weber v. Dep't of Veterans Affairs, 521 F.3d 1061, 1065 (9th Cir. 2008). This tenet – that the court must accept as true all of the allegations contained in the complaint – "is inapplicable to legal conclusions." Iqbal, 129 S. Ct. at 1949. Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

4

(citing Twombly, 550 U.S. at 555, 127 S. Ct. 1955).  Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556, 127 S. Ct. 1955).  Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief.  Id. at 1950 (citation omitted).

"Dismissal without leave to amend is improper unless it is clear that the complaint could not be saved by any amendment." Harris v. Amgen, Inc., 573 F.3d 728, 737 (9th Cir. 2009) (citations and quotation marks omitted).

## **DISCUSSION**

As a threshold matter, HPD argues that it is not a proper party in this suit because it is not *sui juris*.  [Mem. in Supp. of Motion at 14 (citing McCoy v. Corbett, 35 Haw. 743 (1940) (holding no jurisdiction where political entity not authorized to sue or be sued)) (some citations omitted).] According to HPD, "Article VI, Chapter 16, Sections 16-601 (sic) and 6-602 of the City Charter establish that the Honolulu Police Department is an executive department which is under the supervision of the managing director of the City [and County of

Honolulu]."[2]  [Id. at 14-15 (citation omitted).]  HPD explains that "'different departments [under the Revised Charter of Honolulu] do not constitute legal entities which are separate and apart from [the City and County of Honolulu].'"  [Id. at 15 (quoting City & County of Honolulu v. Toyama, 61 Haw. 156, 161, 598 P.2d 168, 172 (1979)).]  As a result, HPD claims that the Court should dismiss the First Amended Complaint.  [Id.]

HPD is not an independent legal entity subject to suit. See Dowkin v. Honolulu Police Dep't, Civil No. 10-00087 SOM/LEK, 2010 WL 4961135, at *3 (D. Hawai`i Nov. 30, 2010) (citing Meyer v. City & County of Honolulu, 6 Haw. App. 505, 507 n.1, 729 P.2d 388, 390 n.1, rev'd in part on other grounds, 69 Haw. 8, 731 P.2d 149 (1986) (stating "the HPD is a department placed under supervision of the managing director of the City and County of Honolulu" and is not an "independent legal entity"); Headwaters Forest Def. v. Cnty. of Humboldt, et al., 276 F.3d 1125, 1127 (9th Cir. 2002) (treating police departments as part of their respective county or city)); accord N Group LLC v. Hawai`i Cnty. Liquor Comm'n, 681 F. Supp. 2d 1209, 1234 (D. Hawai`i 2009) (dismissing the Liquor Commission because it lacks the capacity

---

[2] The Court observes that HPD appears to be referring to § 6-601 of the Charter of the City and County of Honolulu, which provides: "There shall be a department of emergency services headed by a director of emergency services who shall be appointed and may be removed by the mayor." Rev. Charter of Honolulu, § 6-601.

6

to be sued).  Since HPD is not a distinct legal entity from the City and County of Honolulu, the Court FINDS that Plaintiff's suit against HPD fails to "state a claim upon which relief can be granted[.]"  See Fed. R. Civ. P. 12(b)(6).  The Court further FINDS that Plaintiff's claims against HPD cannot be "saved by any amendment."  See Harris, 573 F.3d at 737 (citations and quotation marks omitted).  Accordingly, the Court GRANTS HPD's Motion and DISMISSES WITH PREJUDICE all of the claims in Plaintiff's First Amended Complaint.

## CONCLUSION

On the basis of the foregoing, HPD's Motion to Dismiss First Amended Complaint Filed March 23, 2011, Pursuant to FRCP, Rule 12(b)(6), filed on April 13, 2011, is HEREBY GRANTED, and all of Plaintiff's claims against HPD are DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, June 23, 2011.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**PATRICIA L. PHILLIPS V. HONOLULU POLICE DEPARTMENT; CIVIL NO. 11-00248 LEK-RLP; ORDER GRANTING DEFENDANT HONOLULU POLICE DEPARTMENT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT FILED MARCH 23, 2011, PURSUANT TO FRCP, RULE 12(b)(6)**